IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


ALEXANDER OTIS MATTHEWS,

      Plaintiff,

v.                              Civil Action No. 8:14CV500
                                       (STAMP)
TIMOTHY JOSEPH SULLIVAN,
United States District Court Judge
LIAM O'GRADY and
United States District Court Judge
ROGER W. TITUS,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIM AGAINST**
**DEFENDANT TIMOTHY JOSEPH SULLIVAN AND**
**DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIM AGAINST**
**DEFENDANTS LIAM O'GRADY AND ROGER W. TITUS**


I.  Procedural History

The pro se[1] plaintiff, Alexander Otis Matthews ("Matthews"),
filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against
defendant, Timothy Joseph Sullivan ("Sullivan"), in error.  The
plaintiff's complaint, instead, should have been filed as a Bivens[2]
complaint, and therefore it will be construed as such.  The
plaintiff then filed an amended complaint asserting a claim
pursuant to the Federal Torts Claim Act ("FTCA") and adding United

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

[2] This civil action should have been brought as a Bivens claim
because Sullivan is a federal defendant. Bivens v. Six Unknown
Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388
(1971).

States District Court Judge Liam O'Grady ("O'Grady") and United States District Court Judge Roger W. Titus ("Titus") as defendants in this action.  The action was then assigned and transferred to the undersigned judge.

In his complaint, Matthews contends that he is due monetary relief from Sullivan based on his ineffective assistance of counsel in his criminal conviction for bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2.  See United States v. Matthews, Criminal Action No. 8:11CR87 (D. Md. 2011); United States v. Matthews, Criminal Action No. 1:11CR348 (E.D. Va. 2011). Matthews asserts that Sullivan was appointed as his attorney after his initial attorney, James T. Zelloe ("Zelloe"), was found to have a conflict of representation when an alleged co-conspirator became a witness for the government.  The plaintiff argues that Sullivan thereafter was unprepared and unfamiliar with the plaintiff's case and thus Sullivan failed in his representation of the plaintiff.

The plaintiff's FTCA contentions as to O'Grady and Titus also stem from their involvement in the underlying criminal conviction of the plaintiff.  In his amendment to the complaint, the plaintiff alleges that O'Grady failed to accurately consider the plaintiff's petition pursuant 28 U.S.C. § 2255 ("§ 2255 petition").  As to Titus, the plaintiff claims that Titus failed to protect the constitutional rights of the plaintiff by allowing Zelloe, the initial attorney, to continue to represent the plaintiff in a bond

revocation hearing even though Titus was aware of the actual conflict created by Zelloe's representation of a key government witness and the plaintiff.

## II.   Facts

On July 15, 2011, the plaintiff entered a plea of guilty in the United States District Court for the Eastern District of Virginia to one count of bank fraud in violation of 18 U.S.C. § 1344 pursuant to an indictment filed in the United States District Court for the District of Maryland and to one count of wire fraud in violation of 18 U.S.C. § 1343 pursuant to an indictment filed in the Eastern District of Virginia.   Both indictments were considered in the Eastern District of Virginia pursuant to the parties' consensual transfer of the District of Maryland's pending indictment.

Thereafter, the plaintiff was sentenced to 120 months for each count to run concurrently with credit for time served.   Further, he was sentenced to three years of supervised release for the bank fraud charge and five years of supervised release, to run concurrently, for the wire fraud charge.   Finally, he was directed to pay restitution in the amount of $5,044,250.00 and a mandatory special assessment of $200.00.   After final sentencing, the plaintiff filed a § 2255 petition asserting various claims.

The plaintiff's § 2255 petition was denied by the Eastern District of Virginia court.   The plaintiff appealed and the action

was remanded by the United States Court of Appeals for the Fourth Circuit for the district court to consider whether a certificate of appealability should be granted.   The district court denied a certificate of appealability and upon appeal by the plaintiff, the Fourth Circuit denied a certificate also and dismissed the plaintiff's notice of appeal.   The plaintiff then filed a Federal Rule of Civil Procedure Rule 60(b) motion for permission to file a second or successive § 2255 petition, however, this motion was also denied by the Fourth Circuit.   This suit, filed in the District of Maryland, followed that denial.

For the reasons that follow, this Court dismisses the plaintiff's complaint without prejudice as to defendant Sullivan but only for refiling if the plaintiff's federal conviction is overturned.   Further, this Court dismisses the plaintiff's complaint with prejudice as to defendants O'Grady and Titus.

## III.  <u>Applicable Law</u>

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A.   If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, or, in the alternative, the prisoner seeks monetary relief from a defendant

who is immune from such relief, the court must dismiss the complaint in whole or in part.   28 U.S.C. § 1915A(b).

A complaint is considered frivolous when "it lacks an arguable basis either in law or fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).   A court may dismiss a complaint as frivolous if it is either based on "an indisputably meritless legal theory" or when the complaint's "factual contentions are clearly baseless."   Id. at 327.   Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical.   As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous.   See id. at 326-28.

IV.   Discussion

A.   Dismissal of Claim Against Timothy Joseph Sullivan

The plaintiff asserts that Sullivan provided ineffective assistance of counsel during the plaintiff's prosecution in the District of Maryland and thus Sullivan and his previous law firm are required to provide the plaintiff with monetary relief.   This case is similar to that of Heck v. Humphrey, 512 U.S. 477 (1994). The plaintiff in Heck alleged claims under 42 U.S.C. § 1983 against county prosecutors and an investigator assigned to his case.   Id. at 479.   Specifically, he alleged that they engaged in an

"unlawful, unreasonable, and arbitrary investigation[,]" knowingly destroyed exculpatory evidence and used an illegal voice identification procedure at his trial. <u>Id.</u> The plaintiff sought, among other things, monetary damages. <u>Id.</u> Prior to bringing his § 1983 suit, the plaintiff's conviction had not been invalidated but, instead, was specifically upheld on direct appeal and his federal habeas petition had been denied. <u>Id.</u>

The Supreme Court found that the common law cause of action for malicious prosecution provided "the closest analogy" to the plaintiff's claims under § 1983. <u>Id.</u> at 484. The Supreme Court noted that in stating a claim for malicious prosecution, a plaintiff must show that the prior criminal proceeding was terminated in favor of the accused. <u>Id.</u> To not require this, the Court stated, would allow a convicted criminal defendant to collaterally attack his conviction through the vehicle of a civil suit. <u>Id.</u> (citing 8 S. Speiser, C. Krause, & A. Gans, <u>American Law of Torts</u> § 28:5 p. 24 (1991)). Upon comparison of malicious prosecution claims and those § 1983 claims similar to the plaintiff's, the Court found that the same principle that a malicious prosecution claim is not the appropriate vehicle for challenging the validity of outstanding criminal judgment applies to § 1983 actions where the plaintiff is seeking monetary damages that "necessarily require the plaintiff to prove the unlawfulness

of his conviction or confinement."  <u>Id.</u> at 486.  Therefore, the Supreme Court held:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254.

<u>Id.</u> at 487.[3]  After the Supreme Court applied the above holding to the specific facts of the plaintiff's case, it found that the lower courts were correct in their dismissal of the plaintiff's damages claim under § 1983.  <u>Id.</u> at 490.

Plaintiff's claims, which are listed above, are similar to that of the plaintiff in <u>Heck</u>.  The claims "require the plaintiff to prove the unlawfulness of his conviction or confinement."  As such, in order to bring his claims against Sullivan, the plaintiff must prove that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a [ ] tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 225[5]."  <u>Id.</u>  The plaintiff has failed to do so.  Therefore,

---

[3]A <u>Bivens</u> claim brought against federal officials is analogous to a § 1983 claim brought against state officials, and therefore, case law involving § 1983 claims is generally applicable in <u>Bivens</u> actions.  <u>See</u> <u>Farmer v. Brennen</u>, 511 U.S. 825 (1994); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that courts generally apply § 1983 law to <u>Bivens</u> actions).

this Court finds that the plaintiff's claims are frivolous, as the plaintiff's claims lack "an arguable basis . . . in law."  The dismissal of plaintiff's claims, however, is without prejudice to his ability to refile his claim, but only if his federal conviction is overturned or called in question by the appropriate court. Mobley v. Thompkins, 473 F. App'x 337, 337 (4th Cir. 2012).

B.   Dismissal of Claims Against District Court Judges

The plaintiff asserts that the defendants O'Grady and Titus failed to fulfill their roles as federal district court judges and that therefore they are responsible for providing monetary relief to the plaintiff pursuant to the FTCA.

The plaintiff's FTCA claim is based on an indisputably meritless legal theory because federal judges are immune from "liability for damages for acts committed within their judicial jurisdiction." Imbler v. Patchman, 424 U.S. 409, 419 (1976).  The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.  See United States v. Orleans, 425 U.S. 807, 813 (1976).  The United States, however, is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived sovereign immunity.  28 U.S.C. §§ 1346(b), 2674. Further, the United States is entitled "to assert any defense based

8

on judicial or legislative immunity which otherwise would have been available to the employee of the United States." 28 U.S.C. § 2674. Here, Judges O'Grady and Titus were clearly acting within their "judicial jurisdiction" while presiding over the plaintiff's two criminal cases and would be entitled to absolute judicial immunity.[4]  O'Grady, in denying the plaintiff's § 2255 petition, was well within his judicial confines pursuant to 28 U.S.C. § 2255 which holds that a § 2255 petition should be considered by "the court which imposed the sentence . . . ."  Further, "whether a motion for substitution of counsel should be granted is within a trial court's discretion." United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).  Thus, Titus was within his discretion to allow Zelloe to continue representation until it was brought to the attention of the trial court that there was an actual conflict and Titus was satisfied that the substitution would not prejudice Matthews or any other party.

Further, the PLRA specifically states that a court must dismiss a complaint if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(2).  As set forth above, the plaintiff has done just that.  Accordingly, the court finds that the plaintiff's FTCA claim is frivolous and fails

---

[4]The court additionally notes that Judges O'Grady and Titus are not proper defendants because the United States is the only proper defendant in a FTCA action.  See Iodice v. United States, 289 F.3d 270 n.1 (4th Cir. 2002).

9

to state a claim upon which any relief could be granted.   In addition, the court finds that the plaintiff's request for damages from O'Grady and Titus is denied as the plaintiff seeks monetary relief from defendants who are immune from such relief.   28 U.S.C. § 1915A(b)(2).   Accordingly, the court dismisses with prejudice the plaintiff's complaint as to O'Grady and Titus.

## V.   Conclusion

For the reasons described above, plaintiff's claim as to defendant Timothy Joseph Sullivan is DISMISSED WITHOUT PREJUDICE to refiling but only if his federal conviction is overturned or called in question by the appropriate court.   Further, the plaintiff's claims as to defendants Liam O'Grady and Roger W. Titus are DISMISSED WITH PREJUDICE.   It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days, as to the dismissal of his claim against Sullivan, after the date of the entry of the judgment order.[5]   As to the plaintiff's

---

[5]Sullivan, in his capacity as the plaintiff's appointed attorney, did not constitute a federal actor under Federal Rule of Civil Procedure 4.   Spence v. Thompson, No. 2:12-CV-857, 2013 WL 1180765, *9 (W.D. Pa. Jan. 4, 2013) report and recommendation adopted, 2:12-CV-857, 2013 WL 1180763 (W.D. Pa. Mar. 20, 2013) ("[T]he mere fact that defense counsel may have been paid by the government (e.g., through CJA appointment) does not make the

claim against defendants Liam O'Grady and Roger W. Titus, because they were acting within their official capacity as federal actors, the plaintiff is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 23, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
SITTING BY DESIGNATION

---

attorney a federal actor for purposes of Bivens, where she was performing traditional functions of counsel." (citing Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981); Murphy v. Bloom, 443 F. App'x 668, 670 (3d Cir. 2011)).