IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

ALEXANDER OTIS MATTHEWS,

        Plaintiff,

v.                                      Civil Action No. 8:14CV500
                                                             (STAMP)
TIMOTHY JOSEPH SULLIVAN,
United States District Court Judge,
LIAM O'GRADY and
United States District Court Judge
ROGER W. TITUS,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
          **DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

                   I.  Procedural History

    The pro se[1] plaintiff, Alexander Otis Matthews ("Matthews"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant, Timothy Joseph Sullivan ("Sullivan").  The plaintiff then filed an amended complaint asserting a claim pursuant to the Federal Torts Claim Act ("FTCA") and adding United States District Court Judge Liam O'Grady ("O'Grady") and United States District Court Judge Roger W. Titus ("Titus") as defendants in this action. The action was then assigned and transferred to the undersigned judge.

    In his complaint, Matthews contended that he was due monetary relief from Sullivan based on his ineffective assistance of counsel

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

in his criminal conviction for bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2.  See United States v. Matthews, Criminal Action No. 8:11CR87 (D. Md. 2011); United States v. Matthews, Criminal Action No. 1:11CR348 (E.D. Va. 2011).  The plaintiff's FTCA contentions as to O'Grady and Titus also stemmed from their involvement in the underlying criminal conviction of the plaintiff.

This Court dismissed the plaintiff's complaint without prejudice as to defendant Sullivan but only for refiling if the plaintiff's federal conviction is overturned pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).  Further, this Court dismissed the plaintiff's complaint with prejudice as to defendants O'Grady and Titus.  This was done under the screening process of the Prison Litigation Reform Act ("PLRA").  28 U.S.C. § 1915A.

However, the plaintiff has now filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  In his motion, the plaintiff concedes that this Court correctly dismissed defendants O'Grady and Titus as they were protected by judicial immunity and correctly dismissed the constitutional claims raised against Sullivan.  The plaintiff does, however, take issue with this Court's dismissal of the common law claims against Sullivan.  The plaintiff contends that those claims should not have been considered under Bivens because at the time of Sullivan's alleged actions, he was not a state or federal actor and the

plaintiff's suit involves common law claims that should not be dismissed pursuant to Heck.

Thereafter, the plaintiff filed a supplement to his motion. In his supplement, the plaintiff contends that this Court incorrectly considered the magnitude of the conflict of interest his former defense lawyer, James Zelloe ("Zelloe"), was working under while representing the plaintiff. Thus, the plaintiff asserts that he should still be able to raise his ineffective assistance of counsel claim as against Sullivan and his Sixth Amendment claims against Titus.

Despite the plaintiff's assertions, this Court finds that the motion for reconsideration should be denied.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not

be used to relitigate old matters and is an extraordinary remedy that should be used sparingly.  Id.  It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III.  Discussion

The plaintiff asserts that Sullivan provided ineffective assistance of counsel during the plaintiff's prosecution in the District of Maryland and thus, Sullivan and his previous law firm are required to provide the plaintiff with monetary relief.  The plaintiff first conceded that his constitutional claims as to Sullivan were correctly dismissed but retracted this through his supplement to his motion.  Further, he retracted his concession as to Titus.  The plaintiff also argues that this Court incorrectly construed his case as a Bivens case because Sullivan was neither a state nor a federal actor at the time of his alleged wrongdoing.  The plaintiff has pleaded negligence, gross negligence, malpractice, and legal or professional malpractice claims against Sullivan.

It is unclear whether this Court properly considered the plaintiff's claims against Sullivan as Bivens claims subject to dismissal under Heck.  This will be discussed later in this opinion.  However, his constitutional claim as to ineffective

4

assistance of counsel has already been litigated by the plaintiff and dismissed through a 28 U.S.C. § 2255 petition.

A.   <u>Non-Common Law Claims</u>

Although the plaintiff previously argued his ineffective assistance of counsel claim against Zelloe, it is apparent that the underlying reasoning asserted by the plaintiff for his claim against Sullivan is the same.  In the current action, the plaintiff has argued that the conflict of interest that arose with Zelloe prejudiced him and thus supports a claim for ineffective assistance of counsel as to Sullivan.  However, the district court in the Eastern District of Virginia has already found that the plaintiff was not prejudiced by the conflict of interest and the actions taken by both the magistrate judge and the district court judge in replacing Zelloe with Sullivan.  In making this finding, the district court found that the plaintiff was unable to show any prejudice that he had suffered because of the change in counsel and the actions that were taken by the various actors at play.  As such, the plaintiff is barred from raising that claim as he has not shown that he is entitled to file a successive § 2255 petition and raise his ineffective assistance of counsel claim once again. Further, the plaintiff has already filed a Federal Rule of Civil Procedure Rule 60(b) motion for permission to file a second or successive § 2255 petition and that motion was denied by the United

5

States Court of Appeals for the Fourth Circuit. This Court has no reason to question that denial.

Further, this Court properly dismissed Judge Titus based on his judicial immunity and the plaintiff's arguments in his supplement to his motion do not meet the burden required for a Rule 59(e) motion. As stated by this Court, Judge Titus was within his judicial discretion to allow Zelloe to continue his representation until it was brought to Judge Titus's attention. Further, in the Eastern District of Virginia's order denying the plaintiff's § 2255 petition, the district court has already found that the plaintiff was not prejudiced by the conflict of interest that existed before Zelloe was replaced and that the replacement occurred at the "very early stages of the proceedings." United States v. Matthews, Criminal Action No. 1:11CR348, ECF No. 53 at 7 (E.D. Va. Apr. 17, 2013). Finally, this Court supported the dismissal of Titus by finding that (1) the plaintiff impermissibly sought monetary relief from Titus who was immune from such relief under the PLRA and (2) Titus was not a proper defendant because a FTCA claim may only be sought against the United States.

B.  Common Law Claims

The plaintiff has asserted negligence, gross negligence, and professional malpractice claims against Sullivan. The plaintiff has also asserted that his common law claims have been correctly brought in the federal forum as he is diverse from Sullivan.

1. <u>Malpractice Claims</u>

Under Maryland law, a plaintiff bringing a malpractice claim against his attorney is required to show:

> (1) the prior employment of the lawyer; (2) the lawyer's neglect of a reasonable duty; (3) loss to the client proximately caused by that neglect of duty; (4) the criminal plaintiff's initiation of post conviction, appellate, or habeas relief premised on the lawyer's error; (5) and, ultimately, the criminal plaintiff's successful pursuit of post conviction, appellate, or habeas relief based on attorney error.

<u>Berringer v. Steele</u>, 758 A.2d 574, 604 (Md. App. 2000). The plaintiff has not shown that he has initiated post conviction, appellate, or habeas relief premised on Sullivan's error. As stated previously, any post conviction relief based on ineffective assistance of counsel that has been asserted by the plaintiff previously was based on the conduct of Zelloe. Further, if considering that ineffective assistance of counsel claim as sufficient to fulfill the fourth element, the plaintiff cannot then fulfill the fifth element–*successful* pursuit of post conviction relief. As such, even if <u>Heck</u> is not applicable to the plaintiff's claims for legal malpractice, he would still be barred from seeking those claims pursuant to Maryland common law.

Finally, <u>Heck</u> has been applied to legal malpractice claims brought by prisoners against a federal public defender and has been found to be a bar as long as the underlying conviction is still in place. <u>Parris v. United States</u>, 45 F.3d 383, 384-84 (10th Cir. 1995); <u>Levine v. Kling</u>, 123 F.3d 580, 582-83 (7th Cir. 1997);

German v. Isenhower, 98 F. Supp. 2d 1366, 1373 (S.D. Fl. 2000). As such, the plaintiff's malpractice claims are clearly barred and were correctly dismissed.

   2.   Negligence Claims

As to the defendant's claims for negligence, it is unclear whether or not those claims fall under Bivens because at the time of the incidents complained of, Sullivan was not acting under color of federal law. Some courts have held, as this Court stated in its previous order, that Sullivan, in his capacity as the plaintiff's appointed attorney, would not constitute a federal actor under Federal Rule of Civil Procedure 4. Spence v. Thompson, No. 2:12-CV-857, 2013 WL 1180765, *9 (W.D. Pa. Jan. 4, 2013), report and recommendation adopted, 2:12-CV-857, 2013 WL 1180763 (W.D. Pa. Mar. 20, 2013) ("[T]he mere fact that defense counsel may have been paid by the government (e.g., through CJA appointment) does not make the attorney a federal actor for purposes of Bivens, where she was performing traditional functions of counsel." (citing Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981); Murphy v. Bloom, 443 F. App'x 668, 670 (3d Cir. 2011)).

However, other courts have found that claims such as the plaintiff's may be barred pursuant to Heck although brought against a public defender. Germain, 98 F. Supp. 2d at 1373; Martinez v. Wurtz, No. 08-3008-SAC, 2008 WL 1867986 at *4 (D. Kan. Apr. 24, 2008) ("A federal public defender is an 'employee of the

8

government,' even though his or her provision of legal representation under 18 U.S.C. 3006A appears to be exempt from suit under the Federal Tort Claims Act . . . .") (citing 28 U.S.C. 2671; Allred v. McCaughey, 257 F. App'x 91 (10th Cir. 2007)). As such, it is unclear whether the common law negligence claims against Sullivan should have survived an initial screening by this Court pursuant to Heck as it is unclear whether or not Sullivan was a federal actor at the time of the alleged wrongs.

However, the plaintiff has failed to show the necessary elements to support a negligence claim against Sullivan. Under Maryland law, a properly pleaded claim of negligence includes four elements. "The plaintiff must show: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the defendant's breach of the duty proximately caused the loss or injury suffered by the plaintiff, and (4) that the plaintiff suffered actual loss or injury." Troxel v. Iquana Cantina, LLC, 29 A.3d 1038, 1049 (Md. App. 2011). The plaintiff argues that he is due monetary relief because but for Sullivan's negligence, he would not have accepted a plea agreement and would not have been convicted.

Despite the plaintiff's contentions that he would not have accepted the plea agreement but for Sullivan's negligence, the plaintiff has failed to show why the evidence he has provided actually supports such a contention. The plaintiff has argued that

he had emails and other evidence that provided a defense to his crime of conviction.  Despite having such emails, the plaintiff still accepted a plea agreement which stated that "the defendant is in fact guilty of the charged offenses.  The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt."  Criminal Action No. 1:11CR87, ECF No. 47 at 2.  Further, the statement of facts that the plaintiff agreed to plead guilty to clearly do not set forth any such denial of guilt or any doubt by the plaintiff that there was evidence that would provide a defense.  Id., ECF No. 48.

As such, the plaintiff would be unable to show that but for the evidence he provided to Sullivan that was not presented to the Court, he would not have accepted a plea agreement.  The plaintiff states in his complaint that he had the evidence that showed he was not guilty and provided it to Sullivan, all before pleading guilty and entering a plea agreement.  Thus, there is no evidence that the cause of the plaintiff entering his plea agreement and subsequently being convicted was the action or inaction by Sullivan.

Accordingly, this Court finds that the plaintiff's negligence claims also fail and that the plaintiff's motion for reconsideration must be denied.

IV.  <u>Conclusion</u>

For the reasons described above, plaintiff's motion for reconsideration is DENIED.  Further, the plaintiff is reminded that he has a right of appeal pursuant to Federal Rules of Appellate Procedure Rule 4.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff and to counsel of record herein.

DATED:    August 12, 2014

<pre>
                        /s/ Frederick P. Stamp, Jr.
                        FREDERICK P. STAMP, JR.
                        UNITED STATES DISTRICT JUDGE
                        UNITED STATES DISTRICT COURT FOR THE
                        NORTHERN DISTRICT OF WEST VIRGINIA
                        SITTING BY DESIGNATION
</pre>